**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-61610-CIV-DAMIAN**

**WILLIAM GILLIS**, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

**PHIL SMITH MANAGEMENT, INC.**,

Defendant.
_________________________________/

**ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

**THIS MATTER** comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion") [ECF No. 26], filed on April 14, 2026.

THE COURT has reviewed the Motion and all attached exhibits, other relevant portions of the record including the Settlement Agreement [ECF No. 20-4], the Claim Form and Notices sent to the eligible Class Members [ECF Nos. 20-5, 20-6, 20-7, 20-8], the applicable law, has heard oral argument by counsel for the parties at the April 28, 2026 Final Approval Hearing [ECF No. 28] and is otherwise fully advised. For the reasons set forth below and as further stated on the record at the Final Approval Hearing, and noting that the Motion is unopposed and that there were no Class Member objectors or opt-outs as of April 28, 2026, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 26]** is **GRANTED** and the Class Action Settlement is **APPROVED** as follows:

**WHEREAS**, a Settlement Agreement, executed as of November 24, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i)

William Gillis, individually and on behalf of the Settlement Class Members, by and through Nicholas A. Colella and Gerald D. Wells, III of Lynch Carpenter, LLC (collectively, "Settlement Class Counsel" or "Plaintiff's Counsel"); and (ii) Phil Smith Management, Inc., d/b/a Phil Smith Automative Group ("Phil Smith" or "Defendant"), for the benefit of all Released Parties, by and through the Defendant's counsel of record, Jennifer Oliver of Buchanan Ingersoll & Rooney, PC ("Defense Counsel"); and

**WHEREAS**, on December 10, 2025, the Court entered an Order of Preliminary Approval ("Preliminary Approval Order") [ECF No. 21] that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the settlement; and

**WHEREAS**, the notice to the Settlement Class ordered by this Court has been disseminated as ordered, according to the declaration of the Settlement Administrator filed with the Court on April 14, 2026 [ECF No. 14-3]; and

**WHEREAS**, the CAFA Notice ordered by this Court has been provided; and

**WHEREAS**, on April 28, 2026, a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after CAFA notice was issued; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these

proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class and is therefore approved. This Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports this Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. This Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. This Court finds that the Settlement is in all respects fair, adequate and reasonable, including with respect to its opt-out provisions, and in the best interest of the Settlement Class. Therefore, all

Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

6. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7. Representative Plaintiff, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement.

**Objections and Opt-Outs**

8. No objections were filed by any Settlement Class Members. Thus, the Court finds that the lack of objections weighs in favor of Settlement approval.

9. All persons who have not objected to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

10. In addition, no Settlement Class Member has timely and validly elected to opt out of the Settlement and the Settlement Class.

**Class Certification**

11. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All Persons residing within the United States who were notified by Defendant that their Personal Information was potentially compromised in the Security Incident. The Settlement Class shall not include the judge to whom the Litigation is assigned and any member of the judge's staffs or immediate family members, and any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo*

*contendere* to any such charge. The Settlement Class shall also not include any Released Person.

12. This Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representative are typical of absent Settlement Class Members; that the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. This Court grants final approval to the appointment of the named Plaintiff as the Settlement Class Representative. This Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

14. This Court grants final approval to the appointment, pursuant to Rule 23(g), of Nicholas A. Colella and Gerald D. Wells, III of Lynch Carpenter, LLC as Settlement Class Counsel for the Settlement Class.

**Notice to the Settlement Class**

15. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their

right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16. The CAFA Notice provided by the Settlement Administrator met all requirements of the Act.

17. The Representative Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

18. Importantly, no Settlement Class Member has objected to or elected to opt-out of the Settlement. As such, the Court finds that the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.

19. Each Released Claim of each Settlement Class Member is hereby extinguished as against the Released Persons.

**Other Provisions**

20. The Parties to the Settlement shall carry out their respective obligations thereunder.

21. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

22. As of the Effective Date, the Releasing Persons, release all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses or demands, whether known

or unknown, existing or suspected or unsuspected, that were or reasonably could have been asserted based on the factual allegations contained in the Litigation's operative complaint (the "Released Claims").

23. As of the Effective Date the Released Persons will be deemed to have been completely released and forever discharged for the Releasing Persons' Released Claims.

24. The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Persons or prosecuting any claim based on any actions taken by any of the Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment. It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

25. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

26. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order

and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

27. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order and Judgment.

28. This Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

29. Consistent with the Settlement, in the event the Effective Date does not occur, this Judgment Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement; this Judgment and all orders entered in connection herewith shall be vacated and null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement

had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

30. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

To the extent this Court made additional or more detailed rulings on the record that are not memorialized in this written Judgment, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 29th day of April, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**